IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF ARKANSAS, ROBERT WILLIAM ALLEN, JOHN MCNEE, and AELICA I. ORSI,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN THURSTON, in his official capacity as the Secretary of State of Arkansas, SHARON BROOKS, BILENDA HARRIS-RITTER, WILLIAM LUTHER, CHARLES ROBERTS, JAMES SHARP, and J. HARMON SMITH, in their official capacities as members of the Arkansas State Board of Election Commissioners,<br><br>    Defendants. | Case No. 5:20-cv-05174-PKH |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs League of Women Voters Arkansas ("LWVAR"), Robert William Allen, John McNee, and Aelica I. Orsi (collectively, "Plaintiffs") respectfully move this Court for a preliminary injunction as set out in the accompanying Brief in Support of Plaintiffs' Motion for Preliminary Injunction. Fed. R. Civ. P. 65(a); Local Rule 7.2(e).  Plaintiffs seek a preliminary injunction enjoining Defendants from enforcing Section 7-5-416(b)(1)(F)(ii) of the Arkansas Code to the extent that it fails to provide absentee voters with pre-rejection notice and a hearing or other opportunity to resolve alleged mismatched or missing signatures—in violation of the First and Fourteenth Amendments of the United States Constitution.

Specifically, Plaintiffs ask the Court to enter a preliminary injunction ordering the Defendants to: (*i*) require election officials to begin the process of matching voters' absentee ballot and application materials and determining whether there are any deficiencies based on a missing signature or a mismatch between the absentee ballot voter statement and the absentee ballot application starting fifteen days before the November 2020 election, as is authorized under Arkansas law; (*ii*) require election officials to provide immediate notice to voters by the most efficient means possible, including first-class mail and, where available, by email or phone, of any deficiencies in their absentee ballots based on a missing signature or a mismatch with their absentee ballot application materials; and (*iii*) permit voters whose absentee ballots are deficient on those grounds to cure the deficiency by email, mail, fax, or in-person, up to three days following the election.  In the alternative, Plaintiffs request that the Court order Defendants to expand the existing process through which voters may cure certain deficiencies in their provisional ballots up to 12:00 p.m. on the Monday following the election to include absentee ballot deficiencies based on a missing signature or a mismatch with a voter's absentee ballot application; and to update their election guides, manuals, guidance, instructional materials, etc., to conform with the revised procedures.

WHEREFORE, Plaintiffs respectfully request that the Court grant their Motion and issue a preliminary injunction pending a decision on the merits of Plaintiffs' claims in this matter.

Dated:  September 28, 2020

Preston Tull Eldridge, Bar No. 2014231*
preston@caprocklaw.com
CAPROCK LAW FIRM, PLLC
407 President Clinton Ave., Suite 201
Little Rock, AR 72201
(501) 812-3608

Respectfully submitted,

By:   /s/ David A. Couch
David A. Couch, Bar No. 85-33
arhog@icloud.com
DAVID A. COUCH P.L.L.C.
1501 North University Avenue, Suite 228
Little Rock, AR 72207
(501) 661-1300

| | |
|---|---|
| David W. Rivkin* | Jon M. Greenbaum |
| dwrivkin@debevoise.com | jgreenbaum@lawyerscommittee.org |
| Julianne J. Marley (admitted *pro hac vice*) | Ezra Rosenberg* |
| jjmarley@debevoise.com | erosenberg@lawyerscommittee.org |
| DEBEVOISE & PLIMPTON LLP | John Powers (admitted *pro hac vice*) |
| 919 Third Avenue | jpowers@lawyerscommittee.org |
| New York, NY 10022 | LAWYERS' COMMITTEE FOR CIVIL |
| (212) 909-6000 | RIGHTS UNDER LAW |
| | 1500 K Street NW, Suite 900 |
| | Washington, DC 20005 |
| | Phone: (202) 662-8389 |
| | Fax: (202) 783-0857 |

**pro hac vice motion forthcoming*
*Counsel for Plaintiffs*