UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LEAGUE OF WOMEN VOTERS
OF ARKANSAS, et al.                                                                                   PLAINTIFFS

v.                                        No. 5:20-CV-05174

JOHN THURSTON, in his official
capacity as the Secretary of State of
Arkansas, et al.                                                                                       DEFENDANTS

**ORDER**

Plaintiffs filed a motion for preliminary injunction. They also filed a motion (Doc. 14) to expedite briefing on that motion. Defendants filed a response (Doc. 22) in opposition to the motion to expedite. The motion to expedite will be denied.

Under the local rules of this Court, a party typically has 14 days after service to respond to a motion. W.D. Ark. R. 7.2(b). Defendants were served with the motion for preliminary injunction on September 28, 2020. (Doc. 19). Because the last day of the response period is a "legal holiday," Defendants' response must be filed by October 13, 2020. Fed. R. Civ. P. 6(a)(1)(C), (a)(6). The Rules allow the Court to extend or shorten this period for good cause. W.D. Ark. R. 7.2(b); *accord* Fed. R. Civ. P. 6(c)(1)(C) (allowing a reduction in the period between service of a motion and any hearing on the motion).

The Court agrees with Plaintiffs that the looming deadlines and ongoing absentee voting make reaching a decision on the merits of their motion for preliminary injunction a matter of urgency, but it also acknowledges that there is some merit to Defendants' argument that Plaintiffs' own delay until September 22, 2020 to file this action contributes to the urgency. The Arkansas absentee ballot verification framework appears unchanged since 2005, and the most obvious reason to address that framework now—the larger-than-normal number of voters casting absentee

ballots due to COVID-19-related risks—has been apparent at least since those risks were clearly identified by the Governor of Arkansas on August 7, 2020, as a justification for casting an absentee ballot.  In many cases, the imminence and magnitude of the identified harm might be enough to demonstrate good cause to expedite briefing even despite any delay by Plaintiffs.  In a case like this, however, which has the potential to affect election rules close in time to votes being cast, the Court's exercise of discretion must be informed by additional considerations to those normally guiding a decision on injunctive relief.  It is of great importance that any order mandating new election rules close to an election avoid adding to voter confusion or suppression.  *Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006).

If Plaintiffs are to prevail, this Court's obligation to be precise and correct in ordering injunctive relief is best met by allowing Defendants a full and fair opportunity to present all facts, law, and argument that might prevent that relief or require it to be tailored differently than Plaintiffs request.  If Defendants prevail, then this additional period of time is immaterial.

IT IS THEREFORE ORDERED that the motion to expedite briefing (Doc. 14) is DENIED.

IT IS SO ORDERED this 6th day of October, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE