UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF ARKANSAS; JOHN MCNEE; SHIRLEY FAYE FIELDS; MARNETTE WENDI PENNINGTON; MARY J. MCNAMER; and MYRA. H. TACKETT | | PLAINTIFFS |
| v. | No. 5:20-CV-5174 | |
| JOHN THURSTON, in his official capacity as the Secretary of State of Arkansas; and SHARON BROOKS; BILENDA HARRIS-RITTER; WILLIAM LUTHER; CHARLES ROBERTS; JAMES SHARP; and J. HARMON SMITH, in their official capacities as members of the Arkansas State Board of Election Commissioners | | DEFENDANTS |

**OPINION AND ORDER**

Before the Court are Defendants' motion to compel (Doc. 85), Plaintiffs' motion for extension of time as to Myra Tackett (Doc. 94), and Plaintiffs' motion for extension of time as to David Scott (Doc. 96). Defendants state in their motion that Plaintiffs Aelica Orsi, Marshall Sutterfield, and Myra Tackett have failed to respond to interrogatories, requests for admission, and requests for production that were served on them nearly five months ago, and that Plaintiffs Orsi, Tackett, and John McNee have failed to produce medical records related to the health conditions referenced in their second amended complaint despite Defendants having requested that they do so. After Defendants filed their motion, Plaintiffs voluntarily dismissed Orsi and Sutterfield from this case. *See* Docs. 88–91. Thus Defendants' motion is moot as to those two individuals.

With respect to Tackett, Plaintiffs do not dispute that she has failed to respond to the discovery requests at issue; but they state that Tackett has not communicated with Plaintiffs' counsel despite counsel's attempts to correspond with her. They request that they be given until

1

January 6, 2023 to either provide Tackett's responses to Defendants' discovery requests or to seek her dismissal from the case without prejudice. This request will be denied. Five months is already far more than enough time. Plaintiffs are ordered to immediately either provide Tackett's responses or seek her dismissal from this case.[1]

As for McNee, Plaintiffs offer two arguments in opposition to Defendants' motion. First, they assert without elaboration that the requests for his medical records are overly broad, unduly burdensome, and immaterial or unnecessary. This argument fails. The requested records are obviously relevant, having been placed at issue by Plaintiffs themselves in their own complaint. *See* Doc. 42, ¶ 11. And objections as to burden must be supported by some estimate of the time or expense that would be required to produce the requested materials, *see Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018), which Plaintiffs have not provided. To whatever extent Plaintiffs' resistance is motivated by privacy concerns, those concerns have already been addressed by the protective order previously entered in this case for the express purpose of protecting confidential patient information. *See* Doc. 80.

Second, Plaintiffs contend that Defendants failed to meet and confer regarding McNee's medical records before seeking Court intervention. This argument is belied by emails from counsel for Defendants to counsel for Plaintiffs, dated December 2 and December 8, 2022. The former email asks when Defendants can expect to receive Plaintiffs' medical records, since "now that the court has entered a protective order, there is no need for any delay" in the production of these documents. *See* Doc. 85-21, p. 2. Apparently having received no response, Defendants' counsel

---

[1] The Court rejects Plaintiffs' offer to provide additional information about Tackett *in camera* and *ex parte*. Plaintiffs have provided no explanation, not even at the most general or vague level, as to why *ex parte* communications on this topic would be appropriate or helpful to the Court.

followed up six days later, observing that "[t]o date, none of the Plaintiffs have . . . produced a single medical record despite their counsel's insistence on a protective order." *See id.* at 1.  That email went on to state that "[t]his is Defendants' **final** attempt to get Plaintiffs to comply with their discovery obligations," and threatened that if complete responses were not provided by 5:00 p.m. Central Time on December 12, 2022, then court intervention would be sought.  *See id.* (emphasis in original).  And lest there be any confusion, the email then explicitly stated: "This includes producing the requested medical records."  *Id.*  Later that evening, Plaintiffs produced a single page in response to Defendants' request for McNee's medical records, which Defendants contend was an inadequate response.  Defendants have adequately met and conferred on this topic.  Their meet-and-conferral obligations do not require them to engage in months of fruitless negotiations until the discovery cutoff date has expired before filing a motion.  Plaintiffs are ordered to immediately provide complete responses to Defendants' requests for McNee's medical records.

Finally, in a separate motion Plaintiffs ask that they be given until January 13, 2023 to take the deposition of David Scott, who is the Chairman of the Pulaski County Board of Election Commissioners, although the discovery cutoff date is December 27, 2022.  Plaintiffs have shown good cause for this extension, in that they originally attempted to schedule Mr. Scott's deposition for a date in early December, but Mr. Scott informed them that professional obligations and medical issues would prevent him from sitting for his deposition until early January.  Accordingly, this request will be granted, and Plaintiffs will be permitted to take Ms. Scott's deposition on or before January 13, 2023.

IT IS THEREFORE ORDERED that Defendants' motion to compel (Doc. 85) is GRANTED, Plaintiffs' motion for extension of time as to Myra Tackett (Doc. 94) is DENIED, and Plaintiffs' motion for extension of time as to David Scott (Doc. 96) is GRANTED.

IT IS SO ORDERED this 23rd day of December, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

4